# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KATHLEEN JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff KATHLEEN JONES (hereinafter, "Plaintiff"), a South Carolina resident, brings this class action complaint by and through her attorneys, Dave Maxfield Attorney, LLC, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter "Portfolio" or "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of South Carolina consumers seeking

1

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of South Carolina, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Portfolio is a collection agency with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Portfolio is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All South Carolina consumers who were sent collection letters and/or notice from

        Defendant that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a.    Whether Defendant violated various provisions of the FDCPA;

        b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

        c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to November 9, 2015, an obligation was allegedly incurred to the original creditor GE Capital Retail Bank. ("GE")

15. The GE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged GE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. GE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Some time prior to November 9, 2015, the GE debt was assigned to or purchased by the Defendant.

19. Defendant contends that the alleged debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. On or about November 9, 2015, the Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged debt. *See* **Exhibit A.**

22. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt

5

collector" as defined by 15 U.S.C. §1692a(6).

23. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Letter stated in part:

"Pay the Full Balance          **OR**          Choose a Savings Plan Below

- **1 Payment of** $1,505.00              **1 Payment of** $1,505.00 and **SAVE $640.30**

- **6 Monthly Payments of** $357.55       **Pay** $270.00 for 6 consecutive months and **SAVE $525.30**

- **12 Monthly Payments of** $178.77      **Pay** $145.00 for 12 consecutive months and **SAVE $405.30**

Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may report it to the credit reporting agencies as unpaid."

25. Though the Defendant states in the closing of their Letter that the alleged debt is time-barred, the Defendant fails to inform the Plaintiff that should she choose to agree to **any** of these payment plans, fill in a payment amount on Defendant's form letter, or make any payment to Defendant, no matter how small, she would re-start the statute of limitations.

26. The Letter does not inform the Plaintiff that should the statute of limitations reset, that Defendant may have the right to commence legal action, which otherwise would have been barred.

27. The relevant statute of limitation related to this alleged debt is three (3) years.

28. The Defendant regularly collects or attempts to collect debt which is time-barred.

29. The Defendant regularly sends letters seeking to collect debts which are time-barred, that do not disclose the fact that monthly payments will reset the debt.

30. The Defendant regularly sends collection letters on time-barred debts, offering small monthly payment plans, but do not inform the consumer that the statute of limitations will

6

reset upon making the **first** monthly payment.

31. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

32. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of South Carolina within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, more specifically 15 U.S.C. § 1692e(10).

35. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

36. The Defendant violated said section by not disclosing to the consumer that a monthly payment option of would reset the statute of limitations of the alleged debt, thereby giving the Defendant the option of commencing legal action, which otherwise would be barred by same.

7

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

41. The Defendant violated said section by not disclosing to the consumer that a monthly payment option would reset the statute of limitations of the alleged debt, thereby giving the Defendant the option of commencing legal action, which otherwise would be barred by same.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and David Maxfield, Esq. as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

8

  (c)  Awarding Plaintiff and the Class actual damages;

  (d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e)  Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:

DAVE MAXFIELD, ATTORNEY, LLC

By: _s/ Dave Maxfield_____
   David A. Maxfield, Fed. ID 6293
   5217 N. Trenholm Road, Suite B
   Columbia, SC 29206
   803-509-6800
   855-299-1656 (fax)
   dave@consumerlawsc.com

February 8, 2016